Fowler *et al. v.* Hobbs *et al.*

---

No. 9947.

## FOWLER ET AL. *v.* HOBBS ET AL.

EXECUTION.—*Proceedings Supplementary.—Complaint.—Decedents' Estates.— Claim.—Judgment.—Assignor and Assignee.*—In a proceeding, under section 522 of the code of 1852, by the heirs of a deceased judgment creditor, to subject a claim alleged to have been assigned to the judgment debtor, to the payment of the judgment, the complaint, as against the assignor, need not aver that the judgment debtor had unjustly refused to apply the claim to the payment of the judgment, or had claimed any part of his property as exempt from execution.

Fowler *et al. v.* Hobbs *et al.*

SAME.—*Assignment.—Admission.—Answer Filed in Another Action not Conclusive.*—An answer by the assignor filed in another action, alleging that he had sold and assigned in writing the claim to the judgment defendant in consideration of his promise to convey him a certain parcel of land, does not conclude him, but he may show that the assignment was never delivered. It is at most a mere admission that may be contradicted.

SAME.—*Evidence.*—Where, in such action, the evidence shows conclusively that such assignment was never delivered, it is error to order the money arising from such claim to be applied in payment of such judgment.

From the Superior Court of Marion County.

*R. Denny*, for appellants.

BEST, C.—This is a proceeding supplementary to execution, instituted under section 522 of the code of 1852.

The appellees, John W. Hobbs, Oliver P. Hobbs, Pliny F. Hobbs and Nancy Eaton, children and only heirs of John Hobbs, deceased, allege in their complaint, in substance, that the administrator of said decedent, on the 6th day of July, 1875, recovered a judgment for $165.30 against one Edward P. Erwin, before a justice of the peace of Marion county, in this State; that an execution issued by the justice was returned unsatisfied; that a certificate of the justice and a transcript of the judgment were filed in the clerk's office; that an affidavit was made that the judgment was unpaid, and that an execution was issued which remains in the hands of the sheriff unsatisfied; that Benjamin Fowler and James P. Fowler, administrators of the estate of Benjamin Fowler, deceased, have in their possession a note of $1,200 belonging to said estate, the one-third of which belongs to said Erwin by virtue of an assignment made to him by the appellant, who is one of the heirs of said Fowler, deceased; that said debt, together with other property held by said Erwin, exceeds the amount of property exempt by law from execution, and that said judgment remains wholly unpaid.

Afterwards a supplemental complaint was filed, making the clerk of the circuit court a party, alleging that the note had been paid, and that the money was then in the hands of the clerk.

Fowler *et al. v.* Hobbs *et al.*

The appellant, Zachariah D. Fowler, on his own application, became a party, and filed an answer, in which he denied specifically an assignment of his interest in said note to said Erwin. Issues were formed, a trial had, and a finding made for the appellees. The appellant moved for a new trial and in arrest of judgment. These motions were overruled, and judgment was rendered upon the finding. The appellant appealed to the general term, and there assigned as error these rulings, and also assigned as error that the complaint did not state facts sufficient to constitute a cause of action. The judgment was affirmed at general term, and that ruling is assigned as error here.

The motion in arrest, and the assignment that the complaint does not state facts, etc., present the same question, and may be disposed of together. The complaint is said to be defective because it does not aver that Erwin, the debtor, had unjustly refused to apply this claim towards the satisfaction of the appellees' judgment, and because it does not aver that he had claimed any part of his property as exempt from execution. These questions, as it seems to us, affect alone the other parties to the record, and, as they do not raise them, the record does not present them. They might waive them, as they have done by their failure to raise them, and as the appellant is not, as we think, interested in them, he can not present them. The complaint was not, for the reasons urged, insufficient, and, therefore, these assignments of error can not be sustained.

The reasons embraced in the motion for a new trial are, that the finding was not supported by the evidence, and was contrary to the law. An examination of the evidence leads us to the conclusion that this motion should have been sustained. The burthen of the issue was upon the appellees, and, in order to entitle them to recover, it was necessary for them to prove that the appellant had assigned his interest in his father's estate, which consisted of the note in question, to Erwin. The evidence in support of this averment was a written assignment of such interest, made by appellant, and then in the hands of James P. Fowler, and an answer filed by

the appellant, on the 21st day of May, 1879, in a suit instituted by one Samuel Griffin against appellant, to subject this claim to the payment of a debt alleged to be due from appellant to him. The written assignment purported to transfer, absolutely, all the interest of appellant in said estate to Erwin, and the answer alleged, "that on or about the 15th day of February, 1879, he, appellant, sold and assigned in writing all his interest in said note to one Edward P. Erwin, * * * for and in consideration of the promise made to this defendant by said Erwin and wife, by their deed, to convey to this defendant" eighty acres of land in the State of Missouri. This evidence was sufficient to make a *prima facie* case, but the other evidence showed conclusively that the written assignment, when drawn and signed by the appellant, was left with James P. Fowler, in whose hands it remained, to be by him delivered to Erwin, whenever Erwin should deliver to James P. Fowler a warranty deed, conveying the land in Missouri to appellant, and should produce an abstract of title, showing that he was the owner in fee, and that the title was unincumbered, to the satisfaction of the said James P. Fowler; that afterwards Erwin produced a deed for said premises, and an abstract of title, but James P. Fowler refused to accept the deed, for the reason that it was executed by a third party without naming any vendee, and for the further reason that the abstract showed an outstanding tax title upon the land. Nothing else was done by Erwin to comply with his contract, and the assignment was never delivered, but remained in the hands of James P. Fowler.

The contract seems thereafter to have been abandoned by the parties. At least it was never consummated, and Erwin himself claims nothing under it. The evidence as to the non-delivery of the assignment was undisputed, and shows, beyond all controversy, that Erwin had no interest whatever in the claim in dispute. There was, upon this question of fact, really no conflict in the evidence. The answer of appellant is not inconsistent with the fact that the assignment had

not been delivered. The averment that he had sold and as-signed his interest in consideration of the promise of Erwin and wife to convey the Missouri land implies a conditional sale, and is not tantamount to an averment that the contract had been executed. The non-delivery of the assignment was not inconsistent with this statement, and the whole, taken together, shows conclusively that the appellant had not parted with his interest. At all events the statement was a mere admission, which did not conclude him, and which, like any other, might be explained by the evidence and controlled by the facts established in the case. The statement did not estop the appellant to prove the facts, and as the fact that the as-signment was never made was undisputed, it follows that the court erred in awarding the appellees the appellant's money in payment of Erwin's debt.

The motion for a new trial should have been sustained, and for the error in overruling it the judgment should be re-versed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be and it is hereby in all things reversed, at the appellees' costs, with instructions to grant a new trial.